**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Leandro DUARTE–TORRES, a/k/a "Borrego," Defendant— Appellant.**

No. 00–30396.
D.C. No. CR–99–60040–HO.

United States Court of Appeals, Ninth Circuit.

---

Submitted Jan. 9, 2002.*

Decided Jan. 15, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Defendant Leandro Duarte–Torres appeals his conviction for distribution of methamphetamine. Because he did not mention below either of the issues that he raises on appeal, we review for plain error. *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

### A. *Jury Instruction on Count Two*

Count two of the indictment charged Defendant with distributing more than 50 grams of a mixture containing methamphetamine. Defendant contends that the district court erred by instructing

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the jury that it could convict on count two if it found beyond a reasonable doubt *either* that the drug quantity exceeded 50 grams of a mixture containing methamphetamine *or* that the drug quantity exceeded five grams of pure methamphetamine.

Although that instruction was erroneous because it added to the indictment, the error did not affect Defendant's substantial rights. The parties stipulated that the drug quantity involved in the March 31 transaction was 109.1 grams of a mixture containing 31.6 grams of actual methamphetamine. That stipulation established *both* (1) more than 50 grams of a mixture containing methamphetamine *and* (2) more than five grams of pure methamphetamine. Because the stipulation proved the drug quantity alleged in the indictment beyond any doubt, the jury could not reasonably have found *for* Defendant on the mixture but *against* him on the pure form of the drug.

■ Defendant also argues that the erroneous jury instruction resulted in a violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He reasons (1) that the jury's finding of a specific drug quantity in count two subjected him to a greater maximum sentence than the 20–year maximum applicable when no specific quantity is found, and (2) that the instructional error resulted in the jury's convicting him on count two without finding the drug quantity alleged in the indictment beyond a reasonable doubt.

Assuming (without deciding) that there was *Apprendi* error, it was harmless; as a result, there is no plain error. Defendant's 78–month (6.5–year) sentence on count two is well below the 20–year statutory maximum that applies when the government does not prove a specific drug quantity. 21 U.S.C. § 841(b)(1)(C). *See*

*United States v. Antonakeas*, 255 F.3d 714, 727–28 (9th Cir.2001) (holding that there was no plain error in a sentence below the 20–year statutory maximum that applies when the jury does not find a specific drug quantity beyond a reasonable doubt, even though the court erroneously relied on its own finding of drug quantity).

### B. *Jury Instruction Concerning Rico– Herrera*

■ Finally, Defendant argues that the instruction about Armando Rico–Herrera was erroneous because Rico–Herrera was not a "co-defendant," but the instruction referred to him as such. Defendant contends that the error was prejudicial because it caused the jury to think about the disposition of the case against Rico–Herrera when otherwise it would have had no reason to consider that case.

Although the court may have erred by giving the instruction, because Rico–Herrera was not technically a co-defendant, the error was not prejudicial. To the contrary, the instruction helped Defendant because it cautioned the jury to consider only the evidence against Defendant, and not the case against Rico–Herrera or its disposition. Defendant does not argue that information about Rico–Herrera was inadmissible, so the instruction served to mitigate the potentially harmful effects of that information. In the circumstances, we find no plain error.

AFFIRMED.